DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Anthony C. Ramos, appeals from his conviction in the Lorain County Court of Common Pleas for felonious assault and domestic violence. We affirm.
 I. {¶ 2} Appellant resided with Donna Maes, his girlfriend of 23 years, in a duplex in the city of Lorain. Ms. Maes and Appellant also worked at the same factory in the city of Elyria.
 {¶ 3} Late in the evening on August 5, 2005, after Appellant and Ms. Maes finished their shift at work, they joined some acquaintances at a bar near their workplace to celebrate a co-worker's new job. Both Appellant and Ms. Maes consumed numerous alcoholic beverages and both were intoxicated when Ms. Maes hugged a male acquaintance goodbye. Appellant became jealous and threw Ms. Maes to the floor. He then requested that she come home with him. She refused, and Appellant left.
 {¶ 4} Several hours later, in the early morning hours of August 6, 2005, two friends of Ms. Maes drove her back to Lorain and, at the request of Ms. Maes, dropped her off about a block from her house. Ms. Maes walked the rest of the way home, where Appellant was waiting outside the home. Appellant struck Ms. Maes several times with his fist and dragged her around the house to the back yard. He also hit her once near the eye with a plastic and metal beverage mug. In her hurry to retreat into the house, Ms. Maes fell down some outside steps. Appellant followed her into the house and continued to hit Ms. Maes, who grabbed a pocketknife, held it up, and said, "Why don't you just kill me, just get it over with, because I can't take it anymore." Appellant grabbed a staple gun that was nearby and drove two or three staples into Ms. Maes' flesh near her elbow. At this point, Ms. Maes told Appellant that she wanted to wash off some of the blood from her injuries. While in the bathroom, Ms. Maes saw her bruised face in the mirror and, distressed at her appearance, began screaming and pounding on the wall separating her bathroom from the apartment next door where her daughter, Linda Johnson, resided with her husband. Mrs. Johnson heard the commotion and called Ms. Maes' cell phone. After speaking with Appellant and Ms. Maes, Mrs. Johnson went to their apartment, took Ms. Maes into her apartment, and called for an ambulance and police assistance. The staples were extracted from Ms. Maes' arm in the ambulance on the way to a hospital, where she was examined, given a prescription for pain medication, and released.
 {¶ 5} Appellant was charged with one count of felonious assault with a deadly weapon pursuant to R.C. 2903.11(A)(2) and one count of domestic violence pursuant to R.C. 2919.25(A). At trial, the State introduced numerous exhibits, plus lay testimony from a Lorain police officer, Ms. Maes, and Mrs. Johnson. The State also introduced expert testimony by Dr. Paul Matus, the Lorain County Coroner, to the effect that the blow from the mug could have killed Ms. Maes. The trial court also admitted into evidence two letters addressed to Ms. Maes. Ms. Maes testified that the letters were in Appellant's handwriting and that she received them in the weeks between the August 6, 2005 and the trial date. One of the letters was signed with a nickname that Appellant regularly used for himself and referred to Ms. Maes by a nickname that he often used for her. The other letter, for reasons that Ms. Maes did not know, was signed "[L]ove, Tommy J[.]" The letters made references to the events of August 5 and 6, 2005. Appellant offered no evidence and called no witnesses at trial. A jury convicted Appellant of both domestic violence and felonious assault. Appellant timely appealed, asserting four assignments of error.
 II. A. First Assignment of Error
"THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF [FELONIOUS ASSAULT] AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 6} A person is guilty of felonious assault with a deadly weapon if he "[c]ause[es] or attempt[s] to cause physical harm to another * * * by means of a deadly weapon * * *." R.C.2903.11(A)(2).
 {¶ 7} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct issues. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
 {¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 11} Sufficiency of the evidence is required to take a case to the jury; therefore, "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 12} In the present case, the jury found that the mug with which Appellant struck Ms. Maes was a deadly weapon, based on expert testimony that the mug, in the manner in which it was used and in the area where it made contact with Ms. Maes' face, could have killed Ms. Maes, and that Ms. Maes was injured when the mug hit her. Appellant does not contest the jury's finding that the mug was a deadly weapon. Rather, Appellant argues that there is insufficient evidence to find that the blow from the mug, rather than Appellant's fist or Ms. Maes' fall down the steps, caused some of her injuries and that such a finding is contrary to the manifest weight of the evidence. We disagree.
 {¶ 13} It is undoubtedly true that some of Ms. Maes' injuries were caused by Appellant's bare fist rather than the mug, and it is quite plausible that Ms. Maes might have received further injuries when she fell down the steps. Nevertheless, Ms. Maes specifically testified that the impact from the mug was painful and that it caused a physical injury to her face. She was further able to identify in a photograph which of her injuries came from the mug, and she testified that she still had a bump near her eye where the mug made contact. Based on this testimony, the jury could easily have found that Appellant's use of the mug — which in this case functioned as a deadly weapon — caused one of Ms. Maes' injuries, and this is all that R.C. 2903.11(A)(2) requires for a conviction of felonious assault with a deadly weapon. The jury did not lose its way in making this determination, and the evidence was sufficient for a reasonable jury to make this finding. Accordingly, Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED WHEN IT PERMITTED DR. MATUS TO TESTIFY AS AN EXPERT ON THE SUBJECT OF DEADLY WEAPONS [.]"
 {¶ 14} Before the jury was brought into the courtroom on the second day of the trial, the trial court conducted a voir dire of Dr. Paul Matus, the Lorain County Coroner, as to his qualifications to testify as an expert. Appellant opposed Appellee's request to qualify Dr. Matus as an expert witness, arguing that the definition of a deadly weapon was a legal question and not a medical question and that Dr. Matus was therefore not qualified to testify as an expert. The judge ruled that Dr. Matus was qualified to testify as to whether or not a blow from the mug could have killed Ms. Maes.
 {¶ 15} When the jury was seated after the judge's ruling, Appellee briefly questioned Dr. Matus to familiarize the jury with his qualifications, after which the judge informed the jury that Dr. Matus would be admitted as an expert witness. Appellant made no objection while the jury was in the courtroom. Appellant now objects to the judge's decision to allow the coroner to testify as an expert. Appellee responds that Appellant failed to make a proper objection at trial sufficient to preserve the issue for appeal. We agree with the Appellee.
 {¶ 16} Where a motion in limine has been denied, an objection to the ruling must be renewed when it arises at trial in order for the objection to be preserved. State v. Hill (1996),75 Ohio St.3d 195, 202-203, citing State v. Brown (1988),38 Ohio St.3d 305, paragraph three of the syllabus. In this case, Appellant did not object to the admission of Dr. Matus' testimony when he took the stand to testify at trial. Appellant's second assignment of error is therefore overruled.
 C. Third Assignment of Error
"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL[.]"
 {¶ 17} Appellant next contends that he received ineffective assistance of counsel at trial. Appellant's sole basis for this argument is that his trial counsel allegedly failed to ask Ms. Maes on cross-examination specifically which parts of her body hit the stairs or the ground when she fell. Such testimony, Appellant suggests, would have shown that the injuries which Ms. Maes attributed to the mug occurred instead when she fell or when Appellant struck her with his bare fist. Thus, according to Appellant, it could not be shown that Ms. Maes was injured by the mug, and the charge of assault with a deadly weapon could not stand.
 {¶ 18} A showing of ineffective assistance of counsel requires two elements: 1) the attorney's assistance must be so inadequate that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment, and 2) the defense must have been prejudiced by the attorney's ineffective performance.Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 19} There is no indication that the trial attorney's performance was so inadequate as to deprive Appellant of his right to counsel. Tactical decisions, including decisions as to what questions will be asked of the witness at trial, generally do not provide a basis to attack the effectiveness of counsel.State v. Midgyette (Mar. 30, 1983), 9th Dist. No. 10953, at *1; see also State v. Brown (1995), 38 Ohio St.3d 305, 319. There is a strong presumption that such decisions by an attorney are "sound trial strategy[,]" and deference must be given to the attorney's decision to pursue or not pursue certain strategies.State v. Bird (1998), 81 Ohio St.3d 582, 585. Appellant has not overcome this presumption.
 {¶ 20} Even if the attorney's performance had been deficient, Appellant would be hard pressed to show that the deficiency prejudiced his case. A finding of prejudice requires a showing of a "reasonable probability" that but for the attorney's inadequate performance, the outcome would have been different. Strickland,466 U.S. at 694. Such a probability does not exist in this case. First, it is uncertain whether cross-examination would have elicited testimony from Ms. Maes to the effect that something other than the mug caused the injury to her eye. Furthermore, even if it were revealed on cross-examination that Ms. Maes hit her eye or her cheek when she fell or that Appellant had punched her in that area, the jury could still have found that the impact from the heavy mug either caused the initial injury or compounded an injury from one of Appellant's first punches. Accordingly, Appellant's third assignment of error is overruled.
 D. Fourth Assignment of Error
"THE TRIAL COURT ERRED WHEN IT ADMITTED THE LETTERS FROM TOMMY J[.] INTO EVIDENCE AND ALLOWED MS. MAES TO TESTIFY [TO HER FAMILIARITY WITH MR. RAMOS' HANDWRITING."]
 {¶ 21} At trial, two letters were admitted into evidence. Ms. Maes testified that she received both letters in the weeks after the altercation — one soon after the beating, and another about a week before trial. The letters referenced the events of the evening. Ms. Maes testified that the handwriting on the letters fairly represented Appellant's handwriting. She also testified that one of the letters called her by a nickname that Appellant regularly used for her and was signed with a nickname that Appellant regularly used for himself. The other letter was signed, "[L]ove, Tommy J [.]" Although Ms. Maes did not know the significance of the name Tommy J., she stated that this letter was also written in Appellant's handwriting.
 {¶ 22} Appellant asserts that Appellee failed to lay a sufficient foundation for the letters by showing that Ms. Maes, as a lay witness, was familiar with Appellant's handwriting.
 {¶ 23} A lay witness may testify as to the authenticity of a handwritten document "based upon familiarity not acquired for purposes of the litigation." Evid.R. 901(B)(2). Furthermore, the party seeking to authenticate the writing must only offer legally sufficient evidence that the document is what that party claims it to be. Evid.R. 901(A). A trial court's admission of evidence is reviewed for abuse of discretion. State v. Ahmed,103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court.Pons v. Ohio State Med. Bd, 66 Ohio St.3d 619, 621,1993-Ohio-122.
 {¶ 24} Appellant has cited no cases or rules of evidence to suggest that the witness must specifically testify to the level of familiarity with an individual's handwriting before testifying that a writing is in that person's handwriting. The testimony in the present case was legally sufficient to support an inference that Ms. Maes was familiar with Appellant's handwriting. Ms. Maes testified that she has dated Appellant for 23 years and that they lived together for at least part of that time and had children together. Furthermore, Ms. Maes readily testified, without expressing any doubt, that the handwriting in the letter was Appellant's. Based on this testimony, a reasonable factfinder could conclude that Ms. Maes would be able to recognize Appellant's handwriting in the letters. See State v. White, 4th Dist. No. 03CA2926, 2004-Ohio-6005, at ¶ 61. Finally, Ms. Maes testified that the nicknames used in one of the letters were representative of the nicknames that Appellant frequently used for himself and for Ms. Maes. Taking this evidence together, it does not appear that the trial court abused its discretion in admitting the evidence. Appellant's fourth assignment of error is overruled.
 III. {¶ 25} Appellant's four assignments of error are overruled. Appellant's conviction in the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Moore, J. concur.