DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Stephen Blazo, appeals from his conviction for burglary in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On October 11, 2005, the Summit County Grand Jury indicted Defendant on one count of burglary of a home in Richfield, Ohio, in violation of R.C. 2911.12(A)(2). A jury found Defendant guilty of burglary on December 15, 2005. Following the jury's verdict, the trial court sentenced him accordingly. Defendant timely appealed his conviction, raising two assignments of error for review.
 Assignment of Error One
"The trial court erred in allowing evidence of other acts and in denying [Defendant's] motion for a new trial based upon the admission of such evidence."
 {¶ 3} In his first assignment of error, Defendant maintains that the trial court erred when it: (a) denied his motion in limine to exclude evidence of Defendant's other acts; and (b) denied his motion for a new trial after admitting the "other acts" testimony. The testimony at issue is that of co-defendant, Fred Cavalcanti, and several police officers regarding Defendant's involvement with a burglary in Cuyahoga Falls (the "Cuyahoga Falls Burglary") a short time before the burglary for which he was convicted in Richfield, Ohio (the "Richfield Burglary"). Defendant also takes issue with testimony related to the recovery of stolen property that connects him to burglaries for which he was not charged. Defendant's assertions lack merit.
A.. Denial of Motion in Limine
 {¶ 4} Prior to trial, Defendant filed a motion in limine seeking to exclude, among other things: (1) evidence or testimony about burglaries for which Defendant has not been charged; (2) evidence related to stolen items from burglaries other than the burglary for which Defendant was charged (collectively "Other Acts Testimony") ("Motion in Limine"). On the morning of trial, the trial court ruled on Defendant's Motion in Limine and allowed the State to present Other Acts Testimony related to the Cuyahoga Falls Burglary that occurred 15 minutes prior to the Richfield Burglary.
 {¶ 5} "Where a motion in limine has been denied, an objection to the ruling must be renewed when it arises at trial in order for the objection to be preserved. State v. Ramos, 9th Dist. No. 05CA008830, 2006-Ohio-4534, at ¶ 16, citing State v. Hill
(1996), 75 Ohio St.3d 195, 202-03, 661 N.E.2d 1068, citing Statev. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph three of the syllabus. In this case, Appellant did not renew his objection to the admission of Officers Peters, Tlumac, Zehner or Metcalf's Other Acts Testimony based on their personal observations at the site of the Cuyahoga Falls Burglary, the Richfield Burglary and/or the statements of Mr. Cavalcanti. Neither did he renew his objection to co-defendant Cavalcanti's Other Acts Testimony. Accordingly, Defendant waived his right to appeal the trial court's ruling on the Motion in Limine.
B. Denial of Motion for New Trial
 {¶ 6} Defendant also asserts that the improper admission of the Other Acts Testimony should have required the trial court to grant his motion for a new trial.
 {¶ 7} As noted above, Defendant did not preserve his right to appeal the admission of the Other Acts Testimony. However, even if he had, the trial court's evidentiary ruling is not an irregularity or error of law sufficient to warrant a new trial pursuant to Crim. R.33.
 {¶ 8} Pursuant to Crim.R. 33, a new trial may be ordered when the irregularity in the proceedings before the court prevents an aggrieved party from having a fair trial or where an "error of law" occurred at trial. Crim.R. 33(A)(1) and (5). Because the decision of ordering a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. State v. Haddix (1994), 93 Ohio App.3d 470, 480,638 N.E.2d 1096. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614, N.E.2d 748.
 {¶ 9} A trial court's admission of evidence is also reviewed for abuse of discretion. State v. Ahmed, 103 Ohio St.3d 27,2004-Ohio-4190, at ¶ 79.
 {¶ 10} The trial court considered the Motion in Limine on the record prior to trial and determined that there was a substantial similarity between the Cuyahoga Falls Burglary and the Richfield Burglary to trigger an exception under Evid. R. 404(B) to the general prohibition against other acts evidence. The testimony to be presented at trial was that Defendant participated in the Cuyahoga Falls Burglary and the Richfield Burglary with Mr. Cavalcanti. A white van was driven in both burglaries. In both burglaries, Mr. Cavalcanti waited in the car as a lookout while Defendant broke into the rear or side door of the house. In both burglaries, the Defendant moved in and out of house quickly stealing objects that were quickly and easily removed. Finally, the burglaries took place within 15 minutes of each other.
 {¶ 11} The Other Acts Testimony provided evidence as to the concept of the burglary or continuing course of conduct permitted under R.C. 2945.59 and Evid.R. 404(B). See, State v. Tyson
(March 1, 1989), 9th Dist. No. 13768, at *1. Given the above, we cannot say that the trial court's admission of the Other Acts Evidence was an abuse of discretion or an irregularity or error of law sufficient to require the court to grant a motion for new trial. Accordingly, the trial court did not abuse its discretion in denying the new trial. Defendant's first assignment of error is overruled.
 Assignment of Error Two
"[Defendant's] conviction was against the manifest weight of the evidence."
 {¶ 12} When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986), 33 Ohio App.3d 339,340, 515 N.E.2d 1009. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 13} The Defendant has claimed that the jury verdict was against the manifest weight of the evidence because the only direct evidence connecting Defendant to the Richfield Burglary was the testimony of the co-defendant, Cavalcanti, and that without Cavalcanti's testimony, the state would have had no case against him. Defendant further notes that Mr. Cavalcanti pled guilty to lesser charges and was awaiting sentencing at the time he testified against Defendant, which weighs against his credibility at trial.
 {¶ 14} "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." R.C. 2911.12(A)(2). The fact that Mr. Cavalcanti's testimony was the strongest evidence against the defendant is of no consequence. As stated in State v. Griffin (1979),13 Ohio App.3d 376, at page 377: "proof of guilt may be made by circumstantial evidence as well as by real evidence and direct or testimonial evidence, or any combination of these three classes of evidence. All three classes have equal probative value * * *."
 {¶ 15} The state offered the testimony of Mr. Cavalcanti who stated that he and the Defendant committed the burglaries. Pictures and videotape were presented showing Defendant and Mr. Cavalcanti together on the date of the crime 1at a Speedway station where the white van was being fueled. Officers testified that Mr. Cavalcanti gave them a voluntary statement consistent with his trial testimony. Finally, Cavalcanti testified that he was not promised anything in exchange for his testimony.
 {¶ 16} The jury had the opportunity to view Mr. Cavalcanti's and the officer's testimony and adjudge their credibility and we must give deference to the jurors' judgments. See State v.Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13. We find that the jury's verdict was not against the manifest weight of the evidence. The Defendant's second assignment is overruled.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J., concurs.
 Carr, J., concurs in judgment only.