[Cite as *State v. Jackson*, 2013-Ohio-2628.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA16 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| JAMES E. JACKSON | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 06/14/13** |

_____

APPEARANCES:

George J. Cosenza, Parkersburg, West Virginia, for Appellant.

James Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, P. J.

{¶1} James E. Jackson, II, appeals the judgment of the Washington County Court of Common Pleas. Jackson, (hereinafter "Appellant") was convicted of involuntary manslaughter, a violation of R.C. 2903.04(B) and a felony of the third degree, child endangering, a violation of R.C. 2919.22(A) and (E)(2)(c) and a felony of the third degree, and misdemeanor child endangering, a violation of R.C. 2919.22(A) and (E)(2)(A). Appellant contends the trial court erred by: (1) denying his motion in limine to exclude evidence that the children involved were left unattended prior to the date of

the incident; and (2) overruling his motion to prohibit the State of Ohio from calling a rebuttal witness that had not been previously disclosed.  Upon review, we find the trial court did not err and abuse its discretion with regard to either ruling.  As such, we overrule both assignments of error and affirm the judgment of the trial court.

## FACTS

{¶2}  On February 25, 2011, Appellant was indicted by the Washington County Grand Jury on one count of involuntary manslaughter and two counts of child endangering.  These indictments followed a devastating October 18, 2010 fire, which occurred at vacant property located on 6th Street in Belpre, Ohio, and was owned by Appellant.  At the time of the fire, Appellant and his significant other, Chrystal Dillon (hereinafter "Dillon"), resided in a Florence Street property adjoining the fire location and also owned by Appellant. The properties were connected by a wooden deck.  Appellant stored legal Ohio fireworks in the unoccupied 6th Street building. He had stripped the drywall off the 6th Street building's interior during the process of renovation.  Two children, Josh McCollors (hereinafter "Josh"), age 4, and Bianca Jackson (hereinafter "Bianca"), age 2, resided with Appellant and Dillon.

{¶3} Josh and Bianca were playing inside the vacant building when the fire erupted. Appellant and Dillon were in an upstairs room of the residence, searching for paperwork. [1] Appellant and Dillon were unable to see or hear the children as they were separated by approximately 75 feet of hallways and wall.

{¶4} Josh was able to escape when the fire started. The lack of drywall caused the fire to become very hot and spread quickly. The building was soon engulfed in flames. Various local agencies responded to the scene to attempt to control the fire and extinguish it. Neighbors arrived and canvassed the area in search of Bianca. There became a strong suspicion that Bianca had been trapped in the building. Eventually, Bianca's charred body was found in the basement, surrounded by debris.

{¶5} The State of Ohio argued Appellant and Dillon failed to properly supervise the children. The State presented testimony from several witnesses: Belpre Fire Chief Robert Frank; Officer Eric Augenstein; Leonard Wilfong; Cory McCullors; Mike Stellfox, an investigator for the Ohio State Fire Marshal's Office; Dr. Russell Uptegrove, a forensic pathologist; and Belpre Police Chief Ernest Clevenger. Appellant filed a motion in limine to prevent the State from introducing any evidence

---

[1] Appellant told Investigator Stellfox during an interview that the two had been in the upstairs bedroom looking for paperwork to take to the Social Security office.

demonstrating that the children were left unattended on dates prior to the fire.  The trial court denied Appellant's motion.

{¶6}  Chief Frank testified he responded to the fire at approximately 2:27 p.m., along with units from Belpre, Parkersburg, and Little Hocking fire departments.  Because Appellant had removed the drywall in the building which, ordinarily, would serve as a barrier to keep the fire from spreading, the fire was also very hot. In fact, the heat caused vehicles across the street and a house to begin melting.  Chief Frank testified it took approximately two hours to get the fire under control. Officer Eric Augenstein testified he arrived at 2:30 p.m. and found the building engulfed in flames and the roof falling.

{¶7}  Mike Stellfox performed an investigation on behalf of the Ohio State Fire Marshal's Office.  While investigating the burned area, he noted the presence of fireworks in the building, along with cans that appeared to contain flammable liquids. He spoke to Appellant at the scene.  Stellfox testified Appellant told him Josh had started a fire on the deck, a day or two before October 18th.  Stellfox testified the fire was classified as an incendiary event because there was no known source of ignition, such as utilities or electric malfunction.  It could not be ruled out that human act occurred to cause the fire.

{¶8}  Stellfox also identified a photograph of the back yard of the buildings.  The photo revealed a yellow extension cord which ran from Appellant's residence through his yard, to his father's residence.   Stellfox opined neither the residence nor the vacant building had electrical service at the time of the fire. Stellfox also testified the distance from the parents' bedroom to where the fire began was 75 feet or so, with doors and walls in between.

{¶9}  Mike Stellfox also testified when Bianca's body was discovered, it could not be determined where she was when she died.  The upper floor had collapsed and she was discovered in the basement.  She was mixed in with debris. Dr. Uptegrove testified the autopsy he performed revealed Bianca died as a result of the inhalation of products of combustion.

{¶10}  Leonard Wilfong, Appellant's neighbor testified there were times, at least once a week, when he saw the Josh and Bianca playing near the street without parental supervision. He testified that just one day before the fire, he overheard Appellant yelling that Josh had "caught the place on fire again."

{¶11}  Cory McCullors, Josh's biological father, testified he lived nearby and often walked to Appellant's residence to visit Josh. He testified there were times when he observed the children unsupervised, playing

outside alone. On the evening of the fire, McCullors took custody of Josh. He testified Josh was very upset about the fire. McCullors handed Josh a lighter and he responded by saying "That's what started the fire. Sissy got scared and ran for the bedroom." McCullors testified that both Appellant and Dillon smoked. He also testified Josh knew how to push the fluid button on a lighter.

{¶12} Karen Seagraves, a case worker for Children's Services, testified she had spoken with Appellant and Dillon numerous times about issues which included Bianca's being left unattended in the middle of the street, provision of a safety barrier on the family's upper level wooden decking, and fireworks' safety. Specifically, she had advised the children should not have access to fireworks. She had visited the home, unannounced, at least 20 times. The last time she visited the home, prior to the fire, Ms. Seagraves still had safety concerns for the children.

{¶13} The defense presented the testimony of Jennifer Koon, a family friend of Appellant; Lotie Cline, a friend of Appellant's mother; Beverly Mason, Appellant's sister; and Chad Bledsoe, Appellant's neighbor and former employee. The substance of the testimony elicited from the defense witnesses was that none of them ever saw Appellant leave the children unattended. Specifically, Lotie Cline testified Appellant had a pickup truck

and if the pickup truck was at home, it was "pretty good evidence [Butch] was home." [2]

{¶14} The State called Dave Ferguson, as on rebuttal. Ferguson was city service director for the City of Belpre. Appellant objected to Ferguson's testimony on the basis that Ferguson's name was not submitted in discovery. The proffered testimony was that Ferguson had driven by on a couple of occasions and had seen the children playing outside without Appellant. Ferguson recalled on both occasions Appellant's truck was present. The State argued they had not anticipated calling Ferguson until defense counsel elicited the testimony regarding the pickup truck. The trial court denied the motion.

{¶15} The jury returned a verdict of guilty on all counts. Appellant was sentenced to a definite prison term of thirty months for involuntary manslaughter. The trial court found the second count of child endangering merged with involuntary manslaughter and Appellant would not be sentenced on the second count. Appellant was also sentenced to a definite period of six months on count three, misdemeanor child endangering. The terms were to be served concurrently. This appeal followed.

---

[2] On cross-examination, the Prosecutor posed the question to Ms. Cline: "[I]f the pickup truck was there at the house, would that be pretty good evidence that [Butch] was home, would you say?" Ms. Cline responded "Yes."

## ASSIGNMENTS OF ERROR

I.      "THE COMMON PLEAS COURT ERRED WHEN IT DENIES (SIC) THE APPELLANT'S MOTION IN LIMINE TO INSTRUCT COUNSEL FOR THE STATE OF OHIO, AND THROUGH COUNSEL FOR THE STATE, EACH AND EVERY WITNESS CALLED BY THE STATE OF OHIO, NOT MENTION, REFER TO, OR IN ANY MANNER CONVEY TO THE JURY EVIDENCE THAT THE CHILDREN OF THE APPELLANT WERE LEFT UNATTENDED PRIOR TO THE DATE OF THE INCIDENT GIVING RISE TO THE INDICTMENT."

II.     "THE COMMON PLEAS COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTION TO PROHIBIT THE STATE OF OHIO FROM CALLING A REBUTTAL WITNESS THAT HAD NOT BEEN DISCLOSED TO THE APPELLANT PRIOR TO THE TIME THE WITNESS WAS CALLED TO TESTIFY."

## STANDARD OF REVIEW

{¶16} The admission of evidence is within the sound discretion of the trial court. *State v. Dixon*, 4th Dist. No. 09CA3312, 2010-Ohio-5032, 2010 WL 4027749, ¶ 33, citing *State v. Sage,* 31 Ohio St. 3d 173, 510 N.E.2d 343, (1987), at paragraph two of the syllabus. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.,* 63 Ohio St. 3d 498, 506, 589 N.E.2d 24 (1992); *Wilmington Steel Products, Inc. V. Cleveland Elec. Illuminating Co.,* 60 Ohio St. 3d 120, 122, 573 N.E.2d 622 (1991). When applying the abuse of discretion standard, a reviewing court is not free to

merely substitute its judgment for that of the trial court. *In re Jane Doe 1*, 57 Ohio St. 3d 135, 138, 566 N.E.2d 1181 (1991), citing *Berk v. Matthews,* 53 Ohio St. 3d 161, 169, 559 N.E.2d 1301 (1990). The "abuse of discretion" standard governs both alleged errors complained of by Appellant.

## LEGAL ANALYSIS

### The Motion in Limine

{¶17} In his first assignment of error, Appellant contends the trial court erred when it denied his motion in limine to exclude evidence that on occasions prior to the fire, the children were left unattended. Specifically, Appellant requested:

> "Defendant requests the Court to instruct counsel for the State, and through counsel for the state, each and every witness called by the State, not to mention to, interrogate concerning, voluntary answer, or attempt to convey before the jury, at any time during these proceedings, in any manner either directly or indirectly, evidence that children left in his care were unattended in the past."

Appellant argues the evidence of habit, pursuant to Evid. R. 406, was highly prejudicial to him and did not comport with the evidentiary rules.

{¶18} Appellee points out although Appellant filed a motion in limine, Appellant failed to renew his objection when the evidence was actually introduced at trial, through the testimony of Josh McCullors and Karen Seagraves. In the alternative, Appellee argues Evid.R. 404(B)

applies. Evid.R. 404(B) provides other acts evidence may be admissible when it is offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶19} We agree with Appellee's first argument. "Where a motion in limine has been denied, an objection to the ruling must be renewed when it arises at trial in order for the objection to be preserved." S*tate v. Blazo,* 9th Dist. No. 23054, 2006-Ohio-5418, 2006 WL 2959521, ¶ 5, quoting *State v. Ramos,* 9th Dist. No. 05CA008830, 2006-Ohio-4534, 2006 WL 2528583, at ¶ 16, citing *State v. Hill*, 75 Ohio St. 3d 195, 202-203, 661 N.E.2d 1068 (1996), citing *State v. Brown,* 38 Ohio St. 3d 305, 528 N.E.2d 523, (1988), paragraph three of the syllabus. "[W]hen counsel files a motion in limine which is denied by a court, counsel must renew the object during trial to preserve the issue for appeal." *State v. Elliott,* 4th Dist. No. 94CA836, 1995 WL 89732 (Feb. 27, 1995); Evid.R. 103(A), citing *State v. Wilson,* 8 Ohio App.3d 216, 456 N.E.2d 1287,(Dec.16,1982); *State v. Daugherty,* 6th Dist. No. L-92-126, 1993 WL 551532, (Dec.30, 1993); *State v. Hall*, 3rd Dist. No. 14-86-29, 1988 WL 79285, (Sept. 30, 1988).

{¶20} We agree with Appellee, that Appellant failed to properly renew his objection to the evidence offered concerning prior occasions on

which the children were left unattended.  Thus, he has failed to properly preserve the issue for appeal.  A review of the transcript demonstrates that when this evidence was offered, via the testimony of Cory McCullors and Karen Seagraves, Appellant failed to voice objections. As such, we find Appellant has waived any argument on review as to the validity of his motion in limine. We therefore, overrule Appellant's first assignment of error and affirm the judgment of the trial court.

> The Motion to Prohibit Testimony from Undisclosed Rebuttal Witness.

{¶21}  Appellant also contends the trial court committed error when it overruled his motion to prohibit the State from calling an undisclosed rebuttal witness, Dave Ferguson, city service director for Belpre.   Appellant argues Ferguson was never disclosed and he could have been called in the State's case-in-chief, along with the other witnesses who testified to Appellant's lack of supervision of the children.  Appellant submits he was surprised by the witness and had no time to prepare for cross-examination of Ferguson.  He acknowledges he was given twenty minutes with the witness.  Appellant further argues because the witness was a Belpre city official, his testimony likely carried more weight with the jurors and significantly prejudice Appellant.  For these reasons, Appellant argues his conviction should be reversed.

{¶22} Appellee counters that although Ferguson was not disclosed, his testimony became relevant after Appellant presented his defense and elicited testimony that the presence of Appellant's pickup truck indicated Appellant was home supervising the children.   Appellee further notes after initially objecting, Appellant's counsel utilized the twenty minutes given to prepare for cross-examination, but did not renew the objection or request sanctions. The control of discovery and sanctions for violations of that process are generally left to the discretion of the trial court.  *State v. Craig*, 4th Dist. No. 01CA8, 2002-Ohio-1433, 2002 WL 1666225 (Mar. 26, 2002); *State v. Otte,* 74 Ohio St. 3d 555, 660 N.E. 2d 711, 719-720 (1996).

{¶23} Crim R. 16  provides for discovery and inspection by either party in a criminal action.  *State v. Finnerty,* 45 Ohio St. 3d 104, 543 N.E.2d 1233 (1989).  Crim.R. 16(B) imposes on the prosecutor a duty to disclose certain information upon a proper discovery request made by the defendant. *Id.*  Included in this rule is a provision for discovery of witness' names, addresses, and records of felony convictions.  *Id.* Crim.R. 16(B)(1)(e).

{¶24} The duty to disclose information pursuant to a proper discovery request is continuous.  *Id.* Crim.R. 16(D).  Rebuttal witnesses, as well as witnesses used in the prosecution's case-in-chief, fall within the scope of discovery.  *Id., citing State v. Howard,* 56 Ohio St. 2d 328, 333, 383 N.E.2d

912, 915 (1978); *State v. Parson*, 6 Ohio St. 3d 442, 445, 453 N.E.2d 689, 691 (1983).  Thus, if the prosecution does not provide the name of a rebuttal witness upon a defendant's request for such information, the trial court may impose sanctions on the prosecution.  *Finnerty*, supra. Crim.R. 16(E) sets forth several sanctions when a party fails to comply with a discovery request:

> "* * *[T]he court may order such a party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

{¶25}  It is well within the trial court's discretion to decide what sanction to impose. *Finnerty*, supra, citing *State v. Apanovitch*, 33 Ohio St. 3d 19, 26, 514 N.E.2d, 394, 402; *Parson,* supra, 6 Ohio St. 3d at 445, 453 N.E.2d 691; State v. Edwards, 49 Ohio St. 2d 31, 358 N.E.2d 1051, 1059-1060 (1976). Exclusion of the rebuttal witness' testimony is only one sanction among many that the trial court can impose.  *Finnerty,* supra. Failure to comply with a discovery request for the names of witnesses does not automatically result in exclusion of their testimony.  *Id.*

{¶26}  In *State v. Wamsley,* 71 Ohio App.3d 607, 594 N.E.2d 1123, (4th Dist. 1991), this court considered a similar issue and noted:

> "In an analogous fact pattern the Eight Appellate District held that where a potential prosecution witness is not named by the

state on a witness list pursuant to Crim. R. 16(B)(1)(e), a trial court does not err in permitting such witness to appear as a rebuttal witness when the defendant objects to such witness' appearance, but fails to request a continuance, recess, or an opportunity to void dire the witness, and the cross-examination of the witness is vigorous and complete. *State v. Abi-Sarkis,* 41 Ohio App. 3d 333, 535 N.E.2d 745 (1988). In the absence of a motion for a continuance, the trial court properly concluded that defense counsel was prepared to go forward at that time. *Finnerty*, supra, 45 Oio St. 3d at 108, 543 N.E.2d at 1237; *State v. Edwards*, 49 Ohio St. 2d 31, 43, 358 N.E. 2d 1051, 1060 (1976).

{¶27} The *Wamsley* court held, based on the citied authorities, and appellant's failure to request a continuance, recess, or to conduct voir dire, the trial court did not abuse its discretion in allowing testimony of an undisclosed rebuttal witness.

{¶28} We recently addressed a discovery violation in *State v. Stonerock,* 4th Dist. No. 11CA15, 2012-Ohio-2290, 2012 WL 1867169. There, appellant complained the prosecution did not disclose a police chief as a witness and therefore, the trial court should not have allowed the officer to testify. We noted:

" Under Crim R. 16(B)(1), 'Each party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates call in rebuttal or surrebuttal.' Here, it is undisputed that [Chief Hester] was not on the written witness list. Therefore, the prosecution did indeed violate Crim.R.16(B)(1). That does not mean, however, that the trial court had to prohibit [Chief Hester] from testifying. On the contrary, when imposing a sanction for a discovery-rules

violation, a trial court 'must impose the least severe sanction that is consistent with the purpose of the rules of discovery.' *City of Lakewood v. Papadelis,* 32 Ohio St. 3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus.  Furthermore, '[p]rosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecutions failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect.' *State v. Joseph,* 73 Ohio St. 3d 450, 458, 653 N.E.2d 285 (1995).  And here, we find that Stonerock suffered no prejudicial effect from the failure to disclose [Chief Hester] as a witness."

{¶29}  We acknowledge in *Stonerock,* the issue centered on a chain-of-custody witness.  However, the same general principles apply. Here, Appellant has not shown the failure to disclose Ferguson's name was a willful violation of the discovery rules. The transcript reveals at sidebar, after Appellants counsel objected to the use of Ferguson as a witness, the State represented to the court and defense counselthe decision had been made not to call Ferguson in the case-in-chief.  The relevance of his testimony had not been known until Lotie Cline's testimony raised the significance of the presence of Appellant's pickup truck. After discussion with both counsel, the trial court pointed out the purpose of rebuttal was to address anything the defense brought up and noted Appellant's objection. Appellant's counsel requested twenty minutes to talk with Ferguson, but failed to request a continuance of trial or any other sanction.  When

Ferguson was called to the stand, counsel for Appellant did not renew his objection.

{¶30} Appellant has not shown Appellee's failure to disclose was a willful violation of the discovery rules. Appellant has not shown how prior knowledge of Ferguson as a potential witness affected his ability to prepare the defense except for a vague reference in his brief that prior knowledge might have allowed him to call yet another witness in surrebuttal. And, Appellant has not shown that he was materially prejudiced by Ferguson's testimony, except for his argument that Ferguson's testimony may have carried more weight because he is a Belpre city official. This is a speculative assertion and, without more, we do not find evidence that Appellant was materially prejudiced by the court's failure to prohibit Ferguson's testimony. Furthermore, we note while Appellant initially objected, he did not move for a continuance of trial, or any other sanction.

{¶31} For the foregoing reasons, we find the trial court did not abuse its discretion in allowing Ferguson to testify. As such, we affirm the judgment of the trial court and overrule Appellant's second assignment of error.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring:

{¶32} I concur in judgment and opinion on the second assignment of error but concur in judgment only regarding the first assignment of error. In that context I would use a plain error standard of review and conclude there was no manifest miscarriage of justice resulting from the admission of evidence of habit under Evid.R. 406 and Evid.R. 403(A).

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be taxed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.:   Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only with Opinion as to Assignment of Error I;
             Concurs in Judgment and Opinion as to Assignment of Error II.

For the Court,

BY:   _____
      Matthew W. McFarland
      Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**