[Cite as *State v. Bennington*, 2013-Ohio-3772.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA956 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| ROBERT BENNINGTON, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 08/27/13** |

_____

APPEARANCES:

Robert Bennington, Blue Creek, Ohio, for Pro Se Appellant.

Jessica A. Little, Special Prosecuting Attorney on behalf of Adams County Prosecutor, Georgetown, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Robert Bennington appeals the denial of his petition for post-conviction relief filed in the Adams County Court of Common Pleas. Bennington (hereinafter "Appellant") was found guilty by a jury of his peers of (1) menacing by stalking, a violation of R.C. 2903.211(A)(1), a felony of the fourth degree, and (2) violation of a protection order, a violation of R.C. 2919.27(A), and a misdemeanor of the first degree. Appellant lists ten errors on appeal, but fails to present assignments of error and issues for review in accordance with the appellate rules. Appellant generally argues the trial

court abused its discretion and denied him due process of law.  In the interests of justice, we will address the errors Appellant has listed.  For the reasons which will follow, we find the trial court did not abuse its discretion by its denial of the petition for post-conviction relief.  Accordingly, we overrule Appellant's assignments of error and dismiss this appeal.

FACTS

**{¶2}**  Appellant and an adult female family friend, (hereinafter "the victim"), had a consensual sexual relationship for approximately two years, beginning in 2007. [1] The relationship was described, in emails exchanged between the two and in court testimony, as a "master/slave" relationship. There was an abundance of email correspondence which transpired between the two during the time period of their sexual relationship. Sometime in 2009, the victim decided to end the relationship with Appellant and informed him of her decision. On July 10, 2009, the victim filed a police report indicating she was attempting to terminate the relationship but Appellant refused to accept her decision, as indicated by repeated emails, visits, text messages, voice mails, and phone calls.  The victim sought a civil stalking protection order.  The Adams County Common Pleas Court issued the same on July 13, 2009. The order prohibited Appellant from any contact

---

[1] At the time this case was tried, the victim was 31 years of age, Appellant was 63 years old.  The victim testified she had known Appellant since age 16, as he was her karate instructor.

with the victim. Appellant did not abide by the order and was eventually arrested for actions which occurred on or about August 15, 2009.   Appellant was later indicted and convicted of menacing by stalking and violation of a protection order.

{¶3} On May 3, 2011, Appellant was sentenced to 15 months in prison.  Appellant filed a direct appeal but later dismissed it.  On January 3, 2012, Appellant filed a motion to vacate or set aside judgment of conviction or sentence. Appellant also filed a motion for expert witness and a motion for appointment of counsel.

{¶4} Appellant's petition to vacate or set aside the judgment of conviction or sentence sets forth six claims of constitutional error:

1) Petitioner was deprived of his right to effective assistance of counsel due to counsel's failure to investigate the victim's perjury on the aggravated menacing charges she filed and the temporary protection order she acquired. [2]

2)  Petitioner was denied his right to effective assistance of counsel due to counsel's failure to review and enter as evidence emails, text messages, and witness testimony, as requested by the Petitioner.  Appellant argued the evidence would have shown the victim's character to be completely different as characterized by her testimony at trial. Appellant argued had the evidence been allowed, the victim would not have been allowed to commit perjury.

---

[2] With Appellant's claims of constitutional error, Appellant stated he could not attach supporting evidence due to his need for assistance of an attorney and an expert witness to produce the evidence.  Appellant did attach the emails purportedly supporting his arguments of the victim's perjury.

3) Petitioner was denied effective assistance of counsel due to counsel's failure to request an expert witness. Appellant argued without expert testimony, he was unable to enter the emails without being forced to give up his Fifth Amendment right not to testify.   Appellant argued had the expert been available to authenticate the emails, the victim would not have been able to commit perjury and the verdict would have been different.

4)  Petitioner was denied due process due to the prosecution's failure to disclose exculpatory evidence during discovery.  Appellant argued the prosecution knew of an email account and text messages which contained possibly exculpatory evidence.

5) Petitioner was denied due process due to his counsel's failure to request the court to pay for an expert.

{¶5} The State of Ohio filed a memorandum in opposition.  Appellant also filed a motion for summary judgment. On July 12, 2012, Appellant filed a petition for writ of procedendo in this court. [3] On August 21, 2012, the trial court held a hearing on Appellant's motions.  The trial court verbally denied the motion for appointment of counsel and motion for expert witness. On October 9, 2012, the court denied Appellant's petition. Appellant timely filed a notice of appeal.

## ASSIGNMENTS OF ERROR

{¶6} Appellant's petition to vacate and set aside judgment of conviction or sentence was filed pursuant to R.C. 2953.21.  Appellant

---

[3] On July 17, 2012, by Magistrate's Order, this court struck Appellant's filings of July 12, 2012 from the record.  The Magistrate noted Appellant intended to commence a new action.  Therefore, any new petition for writ of procedendo and associated future filings would need to include a new case number.  The record indicates Appellant did not re-file his petition for the writ.

alleges the trial court made the following errors with regard to its denial of his petition for post-conviction relief:

Error 1- Failure to address Appellant's post-conviction petition until faced with a writ of procedendo;

Error 2- Making multiple errors of fact during the August 21, 2012 hearing which showed a failure to prepare for the hearing;

Error 3- Holding a combined hearing on the post-conviction petition and related motions;

Error 4-Verbal denial of Appellant's motions for expert witness and counsel;

Error 5- Lack of understanding of current technology;

Error 6- Failure to comply with statutory requirements for rendering findings of fact and conclusions of law in his denial of the post-conviction motion by failing to address Appellant's claims of constitutional error;

Error 7- Reference to the State's failure to secure email accounts in the judgment entry of sentencing dated October 9, 2012;

Error 8- Misconstrual of Appellant's issue with regard to his argument the victim perjured herself;

Error 9- Commenting on Appellant's choice not to testify during the trial, thereby showing evidence of bias against Appellant;

Error 10- Condoning perjury in order to guide the jury to the desired verdict.

{¶7} Upon review, we find Appellant's errors can be categorized as those errors which arguably relate to the denial of his petition and the remaining errors which relate to the manner in which the hearing on his

post-conviction motion was conducted. We begin by setting forth the appropriate standard of review as to the denial of Appellant's post-conviction motion.

## STANDARD OF REVIEW

{¶8} In filing an R.C. 2953.21(A)(1)(a) motion asking a trial court to vacate or set aside the judgment of conviction or sentence, a petitioner must state all grounds for relief on which he relies, and he waives all other grounds not so stated. R.C. 2953.21(A)(4). In determining whether substantive grounds for relief exist, the trial court must consider, among other things, the petition, the supporting affidavits, and the documentary evidence filed in support of the petition. R.C. 2953.21(C). If the trial court finds no grounds for granting relief, it must make findings of fact and conclusions of law supporting its denial of relief. R.C. 2953.21(G). A trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent credible evidence. *State v. Gondor*, 112 Ohio St. 3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary, or

unconscionable. *State v. Adams,* 62 Ohio St. 2d 151, 157, 404 N.E. 2d 144 (1980).

## LEGAL ANALYSIS

{¶9} Generally, a petitioner cannot raise, for purposes of post-conviction relief, an error that could have been raised on direct appeal. *State v. Hobbs,* 4th Dist. No. 09CA1, 2009-Ohio-7065, 2009 WL 5247479,¶ 5; see, e.g. *State v. Reynolds,* 79 Ohio St. 3d 158, 161, 679 N.E.2d 1131 (1997), (internal citations omitted.). In other words, if a petitioner fails to bring an appeal as of right, he cannot raise in a petition for post-conviction relief, those issues that should have been raised in a direct appeal. *Hobbs, supra*; see, *State v. Franklin*, 4th Dist. No. 05CA9, 2006-Ohio-1198, 2006 WL 648352, at ¶ 10; *State v. Houser,* 4th Dist. No. 03CA7, 2003-Ohio-6461, 2003 WL 22860776, at ¶ 7; *State v. Evans,* 4th Dist. No. 01CA715, 2002-Ohio-1465, 2002 WL 485792.

{¶10} In the trial court's judgment entry denying Appellant's petition to vacate or set aside judgment, the trial court listed Appellant's claims of constitutional violation, as set forth above. We note initially, that pro se litigants are bound by the same rules and procedures as litigants who retain counsel. *Seymour v. Hampton,* 4th Dist. No. 11CA821, 2012-Ohio-5053, 2012 WL 5351218, ¶ 33. Only three of Appellant's listed errors, arguably,

relate to the trial court's denial of the motion for post-conviction relief. The remaining alleged errors have more to do with the manner in which the hearing on his post-conviction motion for relief was conducted than they do with the court's actual ruling upon his motion. Consistent with the wide latitude given pro se appellants, we address Appellant's issues upon the merits.  Upon review of the record, we find there were no substantive grounds for granting the relief requested.  Therefore, the trial court did not abuse its discretion in denying Appellant's post-conviction motion.

A.  Appellant's issues relating to the denial of his motion to vacate or set aside judgment of conviction or sentence.

{¶11} Appellant argues (1) the trial court made multiple errors of fact during the August 21, 2012 hearing; (2) the trial court failed to comply with statutory requirements for rendering findings of fact and conclusions of law by failing to address Appellant's claims of constitutional error; and, (3) the trial court misconstrued Appellant's issue with regard to his argument the victim perjured herself.   In *State v. Calhoun,* 86 Ohio St. 3d 279, 714 N.E.2d 905 (1999), the Supreme Court of Ohio discussed the Post-Conviction Remedy Act of 1965.   The high court held:

> "State collateral review itself is not a constitutional right.
> *Calhoun, supra*, citing *State v. Steffen,* 70 Ohio St. 3d 399, 410,
> 639 N.E.2d 67, 76, (1994), citing *Murray v. Giarratano,* 492
> U.S. 1, 109 S. Ct. 2765 (1989).  Further, a post-conviction
> proceeding is not an appeal of a criminal conviction but, rather,

a collateral civil attack on the judgment. See *Steffen* at 410, 639
N.E.2d at 76, citing *State v. Crowder,* 60 Ohio St. 3d 151, 573
N.E.2d 652 (1991). Therefore, a petitioner receives no more
rights than those granted by the statute."

{¶12} Initially, Appellant argues the trial court made multiple errors of fact during the hearing. We note, the trial court acknowledged various times on the record that Appellant and the court were having a "disconnect" as to what the relevant facts and issues were at trial. Appellant referenced various pages and lines of the transcript without explaining exactly how any were errors of fact. Our review of the transcript reveals Appellant appears to be complaining of at least one typo, (not the trial court's fault); one instance in which Appellant and the court actually came to an agreement after discussion; and, four instances in which any mistake of the court would be irrelevant. The remaining "mistakes of fact" Appellant complains of are seemingly instances where Appellant simply did not agree with the evidence or the issues as construed by the trial court- a difference of opinion.

{¶13} Further, Appellant argued the "multiple errors of fact" evidenced a failure to prepare for the hearing. Upon review of the record, we find this argument meritless. Appellant's jury trial was held on February 14 and 15, 2011. The post-conviction motion hearing was held on August 21, 2012. The record reflects if the trial court did make a mistake in remembering specific dates or occurrences, he leafed through the documents

and corrected himself. We do not find the trial court abused its discretion with regard to Appellant's alleged mistakes of fact or any failure to prepare for the hearing on Appellant' s post-conviction motion.  We do not find Appellant's allegations in this regard to be substantive grounds for granting relief.

{¶14} Appellant also argues the trial court failed to comply with the statutory requirements for rendering findings of fact and conclusions of law in his denial of the post-conviction motion, by failing to address Appellant's claims of constitutional error. The Supreme Court of Ohio, in *Calhoun,* cited above, also held:

> "This court echoed the language of the statute in *State v. Lester,* 41 Ohio St. 2d 51, 322 N.E. 2d 656 (1975), paragraph two of the syllabus, where we held that findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition…'The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petition knows no more than[that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court review for error.'" *State ex rel. Carrion v. Harris,* 40 Ohio St. 3d 19, 530 N.E.2d 1330, 1330-1331 (1988), quoting *State v. Mapson*, 1 Ohio St. 3d 217, 438 N.E. 2d 910, 912 (1982).

{¶15} *Calhoun* further held the trial court "need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law.  The findings need

only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Id.*, citing *State v. Clemmons*, 58 Ohio App. 3d 45, 46, 568 N.E.2d 705, 706-707 (2nd. Dist.1989), citing 5A Moore, Federal Practice (2 Ed.1990) 52-142, Section 52.06(1).

{¶16} Appellant's claims of constitutional errors have been set forth above. The journal entry denying Appellant's post-conviction motion consisted of a three-page opinion. The trial court summarized Appellant's constitutional arguments in his petition, and at the hearing, as follows:

> The gravamen of Petitioner's claims for relief is that the victim had been less than truthful regarding the allegations which secured the original civil protection order, and further that the victim was less than truthful in admitting to emails, text messages, etc., exchanged between the parties when their unusual relation was fully consensual ( prior to issuance of the protection order). Petitioner wishes this court to believe that had any of his multiple counsel secured an expert to testify to the technical aspects of email systems and the recovery of messages exchanged prior to the issuance of the civil protection order, then the victim's credibility as a witness would have been gravely damaged. Petitioner also claims that the State of Ohio should have secured the history of the email accounts, specifically the victims ***, which may have provided exculpatory evidence of some unknown origin.

{¶17} The trial court also summarized the relevant facts surrounding Appellant's conviction as follows:

> 1) For approximately two years prior to July 10, 2009, the Defendant and victim had an unusual but fully consensual

personal and sexual relationship, whereby Defendant was the master and the victim was the servant/slave;

2) On July 10, 2009, the victim filed a police report alleging that she had been attempting to terminate the relationship , but that Defendant refused to accept same;

3) On July 13, 2009, the victim secured a civil stalking protection order against defendant, requiring defendant to terminate all contact;

4) The Defendant was indicted and convicted for his actions which occurred on or about August 15, 2009, for Menacing by Stalking with two specifications within said indictment that Defendant was the subject of a protection order (July 13, 2009), and that prior to committing the offense the Defendant had been determined to represent a substantial risk of physical harm to others as manifested by evidence of then recent homicidal or other violent behavior, evidence of then recent threats that place another in reasonable fear of violent behavior and serious physical harm….

{¶18} The trial court then opined that Petitioner refused to recognize the above relevant facts surrounding his conviction by a jury of his peers. The trial court also noted the only relevant evidence for consideration at trial was "what did or did not happen between the period of July 13, 2009 (civil protection order issued) and or about August 15, 2009, the date of the alleged violations.

{¶19} Additionally, in its opinion, the trial court referenced the fact that the victim testified and the State offered other supporting witnesses. The trial court found "the production of disputed emails (concerning the parties'

bizarre yet consensual exploits prior to issuance of the civil protection order) at trial would have not been relevant nor would the outcome of the trial been different." The trial court concluded by noting that he had considered the petition itself, Petitioner's arguments and evidence at the post-conviction relief hearing, the supporting affidavits, the documentary evidence, all the files and records pertaining to the proceedings against petitioner, including but not limited to the indictment, the court's journal entries, and the journalized records of the clerk of courts, and found no grounds for granting relief.

{¶20} Upon review, we find although the trial court did not single out each of Appellant's constitutional claims, his arguments were addressed in summary form. The trial court did not abuse its discretion nor did it deny Appellant due process of law. We find the trial court complied with the statutory requirements for rendering findings of fact and conclusions of law. Thus, this is not a substantive ground upon which to grant Appellant relief.

{¶21} Finally, we find the trial court did not err or abuse its discretion with regard to Appellant's argument that the trial court misconstrued Appellant's chief issue: the victim's alleged perjury. Appellant consistently argued his proffered email and text message evidence would show the jury Appellant's character and prove she committed perjury. The trial court

pointed out the victim testified and admitted to their consensual relationship. However, at his post-conviction hearing, Appellant admitted to the trial court he did not have any texts from the victim after July 13, 2009, when she obtained the protection order. He also admitted he did not have any emails from her between July 13th and August 15th, 2009.

{¶22} As indicated above, the record reflects the trial court's acknowledgement that there was a "disconnect" between Appellant and the trial court as to the relevance of the proffered emails. In his brief, Appellant continues to argue he needed an expert to authenticate the emails and where they originated, and this evidence would have demonstrated to the jury the victim was committing perjury. We find, as did the trial court, that Appellant's emails, all prior to the time the victim was issued a protection order and Appellant continued to force contact with her, were not relevant to the issues the jury deliberated at trial: (1) whether Appellant committed menacing by stalking; and (2) whether he violated the protection order. We are mindful that the admission or exclusion of evidence is at the sound discretion of the trial court. *State v. Craig,* 4th Dist. No. 01CA8, 2002 WL 1666225 (Mar. 26, 2002), citing *State v. Sage,* 31 Ohio St. 3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus. We are also mindful of the doctrine of res judicata, which bars claims for post-conviction relief

based on allegations which the petitioner raised, or could have raised, in the trial court or on direct appeal. *Franklin, supra* at 15, citing *Reynolds* at 161, 679 N.E.2d 1131. Any issues with regard to the admission or exclusion of evidence should have been objected to at trial and/or addressed in a direct appeal.  As such, we do not find the trial court abused its discretion with regard to "misconstrual" of Appellant's issues.

B.  Appellant's issues relating to the manner in which the August 20,2012 hearing was conducted.

{¶23} Appellant's remaining assigned errors essentially relate to the way in which the trial court conducted the hearing on Appellant's post-conviction motion.   These alleged errors are not properly within the scope of Appellant's appeal of the denial of his motion.   However, we will attempt to construe the merits of each. Appellant argues the trial court abused its discretion and/or denied him due process of law by: (1)  failing to address the post-conviction motion until faced with a writ of procedendo; (2) holding combined hearings on the post-conviction petition and related motions for appointment of counsel and appointment of an expert; (3) verbally denying Appellant's motion for appointment of counsel and an expert witness; (4) failing to demonstrate understanding of current technology; (5) referencing in the judgment entry of sentencing dated October 9, 2012, the State's failure to secure email accounts; (6)

commenting on Appellant's choice not to testify during the trial, thereby showing evidence of bias against Appellant; and (7) condoning perjury in order to guide the jury to the desired verdict.

{¶24} Initially, Appellant argues the trial court failed to address his post-conviction petition until faced with a writ of procedendo. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Hazel v. Bender,* 10th Dist. No. 09AP-377, 2009-Ohio-5028, 2009 WL 30651977, ¶ 18, citing *State ex rel. Miley v. Parrott,* 77 Ohio St. 3d 64, 65, 671 N.E.2d 24 (1996). An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *Bender, supra* at 19, quoting *State ex rel. Dehler v. Sutuala,* 74 Ohio St. 3d 33, 35, 656 N.E.2d 332 (1995), quoting *State ex rel. Levin v. Sheffield Lake,* 70 Ohio St. 3d 104, 110, 637 N.E.2d 319 (1994). In Appellant's brief, he argues his motions were properly filed and pending and the trial court's failure to act was "unreasonable arbitrary or unconscionable. Appellant's argument after this is difficult to follow. We find it sufficient to say Appellant was granted a writ of procedendo and received his remedy. The fact that he petitioned for the writ of procedendo had no bearing on the

outcome of his petition for post-conviction relief. There is nothing more this court can do for him.

{¶25} Appellant next argues the trial court abused its discretion by holding a combined hearing on the post-conviction petition and related motions. The *Calhoun* court also noted, a criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. *Calhoun, supra,* citing *State v. Cole,* 2 Ohio St. 3d 112, 443 N.E.2d 169 (1982). Here, the trial court allowed Appellant a full hearing on August 21, 2012 . The record reflects at the August 21, 2012 hearing, the trial court heard Appellant's arguments on his request for expert witness and request for appointed counsel. The trial court stated at one point: "Well and we can continue the hearing for the actual cause." The trial court proceeded to deny both motions on the record. [4] The trial court further inquired of Appellant:

> Do you wish to have a further hearing on the contention that
> you were entitled to a post-conviction relief, because you were
> denied your constitutional right to effective assistance of
> counsel, or are you ready to proceed on that?

---

[4] We note an indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a post-conviction proceeding. *State v. Sheets,* 4th Dist. no. 03CA24, 2005 Ohio-803, 2005 WL 435149, ¶ 22, quoting *State v. Crowder,* 60 Ohio St. 3d 151, 573 N.E. 2d 652, citing *Pennsylvania v. Finley,* 481 U.S. 551, 107 S. Ct. 1990 (1987). Further, R.C. 2953.21 does not provide a right to funding or appointment of expert witnesses or assistance in a post-conviction petition." *Hicks, supra*, at 22, quoting *State v. Madison,* 10th Dist. No. 08AP-246, 2008-Ohio-5223, 2008 WL 4482799, at ¶ 16, citing *State v. Tolliver,* 10th dist. No. 04AP-591, 2005-Ohio-989, 2005 WL 534897, at ¶ 25.

Appellant responded: "I can proceed at this time sir." Arguably, based on the arguments made in Appellant's petition for post-conviction relief, Appellant was not even entitled to a hearing. However, Appellant was given the option whether or not to proceed to the hearing on his motion for post-conviction relief. He chose to proceed, therefore, waiving any right to object to combined hearings. We find the trial court did not abuse its discretion by holding a combined hearing on motions.

{¶26} Appellant also argues the trial court abused its discretion by verbally denying his motions for expert witness and counsel. We disagree. "[M]otions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment." *State v. Hicks,* 4th Dist. No. 09CA15, 2010-Ohio-89, 2010 WL 127557,¶ 19. In this case, the trial court did in fact issue a verbal denial of the motions. Although it is preferable to have a journal entry for clarification of the record, the trial court's verbal denial suffices.

{¶27} Appellant also argues the trial court abused its discretion by its lack of understanding of current technology. Appellant contends the trial court refused to use or review the technology. This argument is without merit. At the hearing, Appellant argued he was not provided the best evidence of email and photographs submitted by the State at trial. The trial

court stated: "[T]here is not a statute that says you have to get the original pixels or whatever you referred to." The court went on to reiterate that no objections were raised at trial that [the photographs and emails] were not the best evidence. Further, the trial court humbly acknowledged he was not familiar with some aspects of digital photographic technology. Appellant's vague argument that the trial court's lack of knowledge of technology somehow denied him due process should have been raised on a direct appeal.

{¶28} Appellant also argues the trial court denied him due process by its reference to the State's failure to secure email accounts in the judgment entry of sentencing dated October 9, 2012. Appellant argues in his brief "This email account would have shown the witness was deleting evidence that was damaging to her credibility. Also the contents would have shown the true nature of the witness to the prosecution and resulted in the charges being dismissed even before trial." The control of discovery and sanctions for violations of that process are generally left to the discretion of the trial court. *State v, Craig*, 4th Dist. No. 01CA8, 2002 WL 1666225 (Mar. 26, 2002), ¶ 33; see, also, *State v. Otte,* 74 Ohio St. 3d 555, 563, 660 N.E.2d 711, 719-720 (1996). Again, the record reflects no objection or motion to compel as to discovery issues. Appellant could have raised any discovery

issue on direct appeal.  We find no error or abuse of discretion by the trial court.

{¶29} Appellant next argues the trial court commented on Appellant's choice not to testify during the trial, thereby showing evidence of bias.   As previously indicated, Appellant argued at length that he needed an expert to explain data systems and authenticate emails which would prove the victim was perjuring herself.  The August 21, 2012 hearing transcript reveals the following exchange:

Court:              Do you understand twelve (inaudible) and
                    jurors listened  to all the evidence?

Mr. Bennington:    Yes sir.

Court:              You had an opportunity to testify.

Mr. Bennington:    Yes sir.

Court:              And you also had a constitutional right
                    not to testify.

Mr. Bennington:    Yes sir. Right you can't I didn't there is no
                    evidence that I did, other than what she
                    submitted.

Court:              She testified.

Mr. Bennington:    Sure.

Court:              And the jury believed it.

Mr. Bennington:    Sure, because the attorney whose lack
                    of technical knowledge accepted it.  When

the date on the recording is Thursday and she's alleging something happened on a Saturday, why isn't that questioned by anybody, why is not her perjury, prior perjury for all this stuff brought in and say what a minute she messed with the recording, she's committed this perjury and you want us to believe that this is real.

Court:                          You could have been one of those people to of testified to that could you not?

Mr. Bennington:      Yes sir, I thought that my attorney recommended that I not do it, I chose not to do it, yes it was my final decision yes based on, but at that point in the trial I knew that he could not bring in emails, I knew he couldn't' got out and call witnesses, by this point and time you can't just bring in, wait a minute judge lets go get this evidence because she's testifying to this. The attorney did no research none of them.

The trial court also addressed Appellant:

Court:                          And again I'm not suggesting that you should have not exercised you Fifth Amendment right but those were opportunities to say you have heard her but I'm telling you I have never had a password, those were emails from her, and you declined that opportunity.

{¶30} We find no merit to Appellant's argument the trial court erred by commenting on Appellant's choice not to testify at trial. In fact, we do not construe the trial court's remarks as "comments" but rather,

"explanation" to the Appellant of the ramifications of his choice not to testify i.e., the victim's testimony was allowed to stand unrefuted for the jury's consideration. The trial court's statements were explanatory in nature and were not made in the presence of the jury prior to its deliberations. The court's statements had no detrimental effect on Appellant's conviction or the post-conviction motion.

{¶31} Finally, Appellant argues the trial court erred by condoning perjury. Appellant contends these remarks of the trial court "illustrated a predetermination of guilty and a willingness to guide the jury to the desired verdict." As noted above, the record reveals Appellant repeatedly suggested the victim perjured herself in the obtaining of the protection order and in her trial testimony. Appellant argued introducing his email evidence would call her character and credibility into issue. The trial court repeatedly tried to explain to Appellant the subjective nature of the protection order and how, even if the victim had been untruthful, a protection order was in place on July 13, 2009, and the jury found Appellant violated it on August 15, 2009. The hearing transcript reflects at no time during the lengthy exchanges with Appellant, did the trial court indicate it condoned perjury. We find no merit to Appellant's argument.

CONCLUSION

**{¶32}** Based on the above, we find the trial court did not err or abuse its discretion by the denial of Appellant's petition to vacate or set aside the judgment of conviction. We find Appellant was not denied due process. The discourse between Appellant and the trial court reveals through the hearing, the trial court, with professionalism and courtesy, attempted to construe Appellant's arguments and explain the legal proceedings to Appellant. There is no factual support for Appellant's legal arguments. There is no evidence in the record that the trial court's rulings were arbitrary, unreasonable or unconscionable. There was simply no substantive basis upon which to grant Appellant's post-conviction motion for relief. Therefore, we overrule Appellant's assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Hoover, J.: Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**